nonresident defendant. See, e.g., *Morrill* v. *Tong, supra* at 129-133; *Ross* v. *Ross, supra* at 441-442; *Winternitz* v. *Winternitz*, 19 Mass. App. Ct. 228, 230-232 (1985). See also *Kennedy* v. *Kennedy*, 10 Mass. App. Ct. 113, 115-120 (1980), *S.C.*, 400 Mass. 272 (1987) (invoking § 3 [*g*], as well).

It is incumbent upon a plaintiff to show sufficient facts for establishing both jurisdiction of the court and jurisdiction over the defendant. *Good Hope Indus., Inc., supra* at 3. By listing the plaintiff's place of residence as New Hampshire, the complaint fails, on its face, to set forth sufficient facts for jurisdiction. G. L. c. 223A, § 3 (*g*). Thus, we do not reach the constitutional due process considerations regarding personal jurisdiction over this defendant.

*So ordered.*

*Elaine Fagelman Gordon* for Joanna Carole Morris.
*Margaret S. Travers* for Roger H. Morris.

SABINA SONYA TICK *vs*. EUGENE E. TICK. August 1, 1988. *Jurisdiction*, Nonresident, Long-arm statute. *Practice, Civil*, Contempt proceeding.

The plaintiff, Sabina Sonya Tick, appeals from the dismissal, for lack of personal jurisdiction and of proper service, of her complaint for contempt. A resident of New York, the plaintiff sought enforcement of a judgment for divorce. The defendant, Eugene E. Tick, is a resident of Connecticut. Having transferred the case to this court on our own motion, we affirm.

We believe that our analysis in *Morris* v. *Morris, ante* 1001 (1988), is dispositive. The plaintiff failed to meet the threshold jurisdictional requirement of the Massachusetts long arm statute. Actions as "to all obligations or modifications of alimony, custody, child support or property settlement," where long arm jurisdiction is sought over the defendant, must be instituted by a resident plaintiff. G. L. c. 223A, § 3 (*g*) (1986 ed.). See G. L. c. 223A, § 3 (*h*) (1986 ed. & Supp. 1987); *Morris*, v. *Morris, supra*. Thus, it is unnecessary to reach the issues of proper service or of personal jurisdiction over this defendant.

*Judgment affirmed.*

*Ellen B. Kaplan* for Sabina Sonya Tick.
*Douglas S. Shapiro* for Eugene E. Tick.

COMMONWEALH *vs*. TIMOTHY SMITH. August 1, 1988. *Identification*. *Practice, Criminal*, Motion to suppress. *Evidence*, Identification.

This case presents the same issue as the one we decided today in *Commonwealth* v. *Warren, ante* 137 (1988). The defendant was indicted for armed robbery arising out of a hold-up of a McDonald's restaurant in Lynn on March 22, 1986. He moved to suppress all out-of-court and in-court identifications of him by three witnesses to the robbery, on the ground that the identifications were the product of unnecessarily suggestive police procedures. After a hearing, a judge suppressed the identifications made by witnesses Cheryl Brinton and Debra Behen. A single justice of this court

granted the Commonwealth leave for an interlocutory appeal. We took the case on our own initiative and now reverse the order of suppression.

As in *Commonwealth* v. *Warren*, *supra*, the judge concluded that the police photographic identification procedures "were fair and not suggestive. The defendant was not denied due process." Nevertheless, he suppressed the identifications made by Brinton and Behen because he found them "unreliable and fraught with danger."

We reverse the suppression order because, as we held in *Warren*, *supra* at 139, the due process issue was the sole issue before the judge, and it was resolved in favor of the Commonwealth. The defendant does not challenge that determination. Once the judge concluded that the police photographic identification procedures were valid, the witnesses' reliability was no longer at issue on the motion to suppress. The order suppressing the identification evidence must be reversed.

*So ordered.*

*David A. Grossbaum*, Assistant District Attorney, for the Comonwealth.
*Michael P. Hickey* for the defendant.

MARIE E. LYONS *vs.* JOSEPH N. LYONS, JR. August 9, 1988. *Divorce and Separation*, Division of property, Interest in pending lawsuit.

The husband, Joseph N. Lyons, Jr., appealed from certain aspects of the marital property settlement under G. L. c. 208, § 34 (1986 ed.). We transferred the case to this court on our own motion.

The husband alleged that the judge erred in not considering, as part of the marital estate, the wife's interest in a contingent fee agreement of a pending lawsuit. The wife is an attorney. We believe that this case is governed by our decision today in *Hanify* v. *Hanify*, *ante* 184 (1988). A majority of the court concludes that, like the interest of a litigant in a pending lawsuit, the interest of an attorney in a contingent fee arrangement constitutes property under § 34. We therefore reverse the judge's exclusion of this interest from the property settlement, and remand the case for the judge to consider an equitable division of the contingent fee in light of *Hanify* v. *Hanify*, *supra*.

The husband also claimed an abuse of discretion for failure to make findings concerning the husband's financial and other contributions to the wife's legal education and for failure to determine the amount of compensation due to the husband for such contributions. At the time of trial, the judge did not have the benefit of our decision in *Drapek* v. *Drapek*, 399 Mass. 240, 246-247 (1987). There, we held that a judge may consider the financial contributions of one spouse toward the attainment of a professional degree by the other, both in the assignment of the parties' estates and in the awarding of alimony. The court also may consider, for these purposes, "the increased earning potential engendered by a professional degree." *Id.* at 246. Neither the degree nor the increased earning capacity itself is an asset subject to assignment. *Id.*